1  Joseph R. Re (SBN 134479)
   joe.re@kmob.com
2  Joseph F. Jennings (SBN 145920)
   joe.jennings@kmob.com
3  Curtis R. Huffmire (SBN 225069)
   curtis.huffmire@kmob.com
4  KNOBBE, MARTENS, OLSON & BEAR, LLP
   2040 Main Street, Fourteenth Floor
5  Irvine, CA  92614
   Telephone:   (949) 760-0404
6  Facsimile:    (949) 760-9502

7  Karen A. Gibbs (SBN 178690)
   kgibbs@appliedmedical.com
8  Applied Medical Resources Corporation
   22872 Avenida Empresa
9  Rancho Santa Margarita, CA  92688
   Telephone: (949) 713-8000
10 Facsimile:  (949) 713-8206

11 Attorneys for Plaintiff
   APPLIED MEDICAL RESOURCES CORPORATION

12 (Continued next page)

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| APPLIED MEDICAL RESOURCES CORPORATION,<br><br>              Plaintiff,<br><br>     v.<br><br>TYCO HEALTHCARE GROUP LP d/b/a COVIDIEN,<br><br>              Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Civil Action No.:<br>CV 11-4203 VBF (AJWx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Honorable Andrew J. Wistrich |

04072.62157/4329453.3

John B. Quinn (Bar No. 090378)
johnquinn@quinnemanuel.com
Christopher A. Mathews (Bar No. 144021)
chrismathews@quinnemanuel.com
QUINN EMANUEL
URQUHART & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017
Phone:  (213) 443-3000
Fax:      (213) 443-3100

Peter J. Armenio (*pro hac vice*)
peterarmenio@quinnemanuel.com
QUINN EMANUEL
URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York  10010
Phone: (212) 849-7000
Fax:      (212) 849-7100

Attorneys for Defendant
TYCO HEALTHCARE GROUP LP d/b/a
COVIDIEN

04072.62157/4329453.3

# PROTECTIVE ORDER

To expedite the flow of discovery material, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial in the above-captioned case, it is hereby ORDERED THAT:

<u>Scope of the Order</u>

1. This Order shall apply to all materials produced in this litigation by, and all testimony given in any deposition on behalf of, plaintiff Applied Medical Resources Corporation or defendant Tyco Healthcare Group LP d/b/a Covidien (each of which is referred to herein as a "Party") or by or on behalf of any person or entity that is not a party hereto (a "Non-Party"), and to all information disclosed during the course of the litigation in response to a subpoena, document request and/or notice of deposition served in connection with this litigation ("Litigation Materials").

2. Litigation Materials and the information therefrom shall be used solely for the purpose of preparing for and conducting this litigation and shall not be disclosed except as under such restrictions as provided for in this Order.

<u>Designation of Materials by Parties and Non-Parties</u>

3. A document, or portion thereof, or an item of information may be classified and maintained as "CONFIDENTIAL" if the document, portion or item contains or constitutes information that (i) has not been made public by the producing or originating person or entity; and (ii) cannot be obtained from public sources.

4. A document, or portion thereof, or an item of information may be classified and maintained as "HIGHLY CONFIDENTIAL" if the document,

portion or item contains or constitutes information that (i) has not been made public by the producing or originating person or entity, (ii) cannot be obtained from public sources, and (iii) disclosure of the document or information poses a significant risk of competitive or other harm to the producing, supplying, or originating person or entity; <u>and</u> the document or information relates to:

    (a)    pending unpublished patent applications;

    (b)    products under development that have been maintained in confidence;

    (c)    contacts and communications relating to prospective employment and related financial terms;

    (d)    contacts and communications relating to prospective or actual agreements or contractual arrangements, and the financial terms thereof, with distributors, wholesalers, hospitals, group purchasing organizations, hospital buying groups and similar entities;

    (e)    contacts and communications relating to potential merger or acquisition of business units and related financial terms;

    (f)    contacts and communications relating to any future potential acquisition of patents or other intellectual property and related financial terms;

    (g)    contacts and information relating to contemplated modifications to existing corporate structure or financing, *e.g.*, public offerings; infusions of venture capital or other investment; securing or restructuring lines of credit; or the elimination or divestiture of existing business units;

    (h)    financial information, including pricing information, financial data, sales information, units and values of sales, sales analyses by region or customer, competitive analyses, and performance metrics and reports;

    (i)    documents or information as to which the producing Party has a pre-existing and continuing duty of confidentiality to a Non-Party, provided that the Non-Party has in good faith required the producing Party to

designate the documents or information "HIGHLY CONFIDENTIAL" as a condition of production or disclosure; or

(j) documents or information as to which the producing person or entity has a pre-existing and continuing duty of confidentiality to another person or entity, provided, however, that requests for downgrading the designation of documents and information shall be made to the originating person or entity rather than the producing person or entity. Upon receipt of such a request, the originating person or entity shall determine and advise what, if any, level of confidentiality is asserted for the documents or information, this determination being made as if the documents or information was being produced by the originating person or entity.

The provisions of this paragraph do not preclude a person or entity from asserting that such a document, or portion thereof, or item of information, is not discoverable at all.

5. Documents or information (including portions of deposition transcripts) designated as "CONFIDENTIAL," or information derived therefrom, may be disclosed or made available only to the following persons:

(a) to the Court and its officers and staff, including court reporters (through filing under seal, or at any trial or hearing);

(b) to outside counsel for the Parties (including legal and clerical staff employed or engaged by such counsel);

(c) in-house counsel for the Parties to this action and staff employed or engaged by such counsel, who shall make no use of any such materials except for purposes of providing legal counsel with respect to this litigation;

(d) no more than five (5) other persons such as officers, directors, or employees of the Parties to this action when such actions is deemed necessary to aid trial counsel in the prosecution, defense, or settlement of this

action; and

(e) to outside experts, consultants, advisors and/or translators retained to furnish technical or expert services and/or to give testimony with respect to the subject matter thereof for trial of this action.

(f) to individuals and organizations that provide photocopying, document processing, imaging, translation, graphics, jury consulting, stenographic, and court reporting services.

6. Documents or information (including portions of deposition transcripts) designated as "HIGHLY CONFIDENTIAL," or information derived therefrom, may be disclosed or made available only to the following persons:

(a) to the Court and its officers, including court reporters (through filing under seal, or at any trial or hearing);

(b) to outside counsel for the Parties (including legal and clerical staff employed or engaged by such counsel);

(c) the following designated in-house counsel or such other in-house counsel as may replace them, who shall make no use of any such materials except for purposes of providing legal counsel with respect to this litigation: For Tyco Healthcare Group LP d/b/a Covidien, Mark Farber, Esq. and Kevin Ferguson, Esq.; For Applied Medical Resources Corporation, Karen Gibbs, Esq. and Michael Vaughn, Esq.

(d) to outside experts, consultants, advisors and/or translators retained to furnish technical or expert services and/or to give testimony with respect to the subject matter thereof for trial of this action.

(e) to individuals and organizations that provide photocopying, document processing, imaging, translation, graphics, jury consulting, stenographic, and court reporting services.

7. Any classification of documents or information (or parts thereof) as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" will be done by the

producing person or entity applying in good faith the criteria outlined in Paragraphs 3 and 4 above. Documents may be produced for inspection by counsel prior to such designation without waiving any right to so designate materials before providing copies to the requesting Party.

(a) The inadvertent delivery of documents or information that could properly be designated as "CONFIDENTIAL" pursuant to Paragraph 3 above, or "HIGHLY CONFIDENTIAL" pursuant to Paragraph 4 above, shall be without prejudice to the producing person or entity. If, after producing a document or information, a person or entity determines that the document or information should have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL", the producing person or entity shall promptly provide written notice to the receiving Party and shall provide the receiving Party with a replacement copy of the documents or information bearing a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation within five (5) business days after giving such written notice. The receiving Party shall promptly return the undesignated documents or information to the producing person or entity. During the five (5) business day period following written notification that documents or information should have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the receiving Party shall treat the undesignated document or information as though it has been so designated and shall retrieve all copies of the document for return to the producing person or entity.

(b) If, after producing a document or information, a person or entity discovers that the document or information was properly subject to protection under the attorney-client privilege or the attorney work product doctrine, the producing person or entity shall promptly provide written notice to the receiving Party that such document or information was inadvertently produced and properly subject to protection under the attorney-client privilege or the attorney

1  work product doctrine.  Upon receiving such written notice from the producing
2  Party that privileged information or attorney work product material has been
3  inadvertently produced, all such information, and all copies thereof, shall be
4  returned to the producing Party.  Furthermore, any analyses, memoranda or
5  notes that were internally generated based upon such inadvertently produced
6  information or material shall immediately be treated in conformance with the
7  protected nature of the information.  If the receiving Party disagrees with the
8  designation of any such information or material as privileged or otherwise
9  protected after conferring with the producing Party in good faith, the receiving
10 Party shall nonetheless return such information or material to the producing
11 Party as specified above, but may move the Court for production of the returned
12 information or material.  The producing Party shall retain all returned
13 information or material for further disposition.

14       8.    A producing person or entity may designate documents or
15 information as confidential by marking each page of a document with a stamp
16 identifying this civil action and using the word "CONFIDENTIAL" or by one of
17 the following ways:

18       (a)   By so marking each page of the documents or information
19 prior to their production.  If the document is not in paper form, the producing
20 person or entity shall use other such reasonable means as necessary to identify
21 clearly the document or information as "CONFIDENTIAL."

22       (b)   If information disclosed during the course of a deposition is
23 deemed "CONFIDENTIAL" by a person or entity, the designation thereof as
24 "CONFIDENTIAL" shall be made either by a statement on the record at the
25 deposition or within fourteen (14) days after receipt by counsel of a copy of the
26 deposition transcript.  Such designation as "CONFIDENTIAL" will be applied
27 to only those portions of the deposition transcript that include a specific
28 question and response or series of questions and responses containing

"CONFIDENTIAL" information.

9. A producing person or entity may designate its most confidential documents or information pursuant to Paragraph 6 above by marking each page of a document with a stamp identifying this civil action and using the words "HIGHLY CONFIDENTIAL" or by one of the following ways:

(a) By so marking each page of the documents or information prior to their production. If the document is not in paper form, the producing person or entity shall use other such reasonable means as necessary to identify clearly the document or information as "HIGHLY CONFIDENTIAL."

(b) If information disclosed during the course of a deposition is deemed "HIGHLY CONFIDENTIAL" by the witness or the entity on whose behalf the witness is testifying, the designation thereof as "HIGHLY CONFIDENTIAL" shall be made either by a statement on the record at the deposition or within fourteen (14) days after receipt by counsel of a copy of the deposition transcript. Such designation as "HIGHLY CONFIDENTIAL" will be applied to only those portions of the deposition transcript that include a specific question and response or series of questions and responses containing "HIGHLY CONFIDENTIAL" information. All depositions transcripts shall be treated as "HIGHLY CONFIDENTIAL" in their entirety prior to the end of such fourteen (14) day period.

10. If at any deposition a Party wishes to use or inquire about documents or information previously designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the portion of the deposition transcript that relates to such documents or information shall be designated and treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to reflect the classification of the document or information, the designation being recited in both a header and a footer on each of the designated pages. The deposition transcript shall be printed in consecutive pages (whether or not some pages are

1  designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"), with a
2  marking on the cover of the deposition transcript indicating the
3  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation contained
4  therein.

5      11.   If counsel for a Party receiving documents or information
6  designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" hereunder
7  objects to such designation of any or all of such items, the following procedure
8  shall apply:

9      (a)   Counsel for the objecting Party shall serve on the designating
10 person or entity a written objection to such designation, which shall describe
11 with particularity the documents or information in question and shall state the
12 grounds for objection.  Counsel for the designating person or entity shall
13 respond in writing to such objection within ten (10) days, and shall state with
14 particularity the grounds for asserting that the document or information is
15 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  If no written response is
16 made to the objection, the challenged designation will be deemed to be void.  If
17 the designating person or entity makes a timely response to such objection
18 asserting the propriety of the designation, counsel shall then confer in good faith
19 in an effort to resolve the dispute.

20     (b)   If a dispute as to a "CONFIDENTIAL" or "HIGHLY
21 CONFIDENTIAL" designation of a document or item of information cannot be
22 resolved by agreement, the Party objecting to the designation may move the
23 Court for an order removing the challenged designation.  The document or
24 information that is the subject of the filing shall be treated as originally
25 designated pending resolution of the dispute.

26     12.   The failure by any Party to challenge the designation by a
27 producing person or entity of material as "CONFIDENTIAL" or "HIGHLY
28 CONFIDENTIAL" during the discovery period shall not be construed as a

waiver of a Party's right to object to such designation at trial.

13. None of the restrictions on the disclosure of designated documents or information imposed by Paragraphs 5 and 6 shall limit the use of such materials in connection with the deposition or other examination of any officer, director, employee, or agent of the producing person or entity who presently has or formerly had access to such documents or information in the normal course of his or her work for the producing person or entity.

14. Prior to disclosing any materials designated by a producing Party as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL" to outside experts, consultants and/or advisors referred to in paragraph 5(e) and/or 6(d) above, counsel for the receiving Party making such disclosure shall:

(a) provide a copy of this Protective Order to each such outside expert, consultant or advisor;

(b) obtain from the outside expert, consultant or advisor a fully executed undertaking in the form attached hereto as Exhibit A; and

(c) identify each such outside expert, consultant or advisor to whom disclosure is proposed to be made by providing to producing counsel, via overnight courier or same day hand delivery, same day facsimile or same day e-mail, a copy of each such expert's, consultant's or advisor's executed undertaking along with a current resume for each such expert, consultant or advisor. The expert's, consultant's or advisor's resume must identify all employers and clients for whom the consultant or expert has worked in the last four (4) years, as well as any litigation matters in which the expert, consultant or advisor has testified, either by way of expert report, deposition, or testimony at a hearing or trial, over the last four (4) years.

15. Counsel for the receiving Party making the disclosure shall not disclose materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to any outside expert, consultant or advisor for a period of

seven (7) court days from the date on which it provides to producing counsel the items specified in paragraph 14(c) above.  If within this seven (7) day period producing counsel does not object, in writing, to the proposed disclosure to the expert, consultant or advisor identified pursuant to paragraph 14(c) above, then counsel for the receiving person or entity shall be permitted to disclose the "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL" materials to that expert, consultant or advisor.  If within this seven (7) day period, producing counsel objects in writing to the proposed disclosure to the expert, consultant or advisor identified pursuant to paragraph 14(c) above, then counsel for the receiving Party shall not be permitted to disclose "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL" materials to that expert, consultant or advisor, absent further order from the Court.  The producing counsel shall have the burden of filing a motion for protective order with the Court within seven (7) court days of objecting to the outside expert, consultant or advisor prohibiting the disclosure of "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL" materials to the independent expert, consultant or advisor to whom the producing counsel has objected.  If the seven (7) court days elapse without the producing counsel seeking relief from the Court, the requested information may be shared with the outside expert, consultant or advisor in accordance with the terms of this Protective Order.

16.    Whether disclosure of "HIGHLY CONFIDENTIAL" documents or information to any person under Paragraph 6(c) results from agreement of the Parties and/or Non-Parties or by order of the Court, or disclosure of "CONFIDENTIAL" documents or information is made to any person under Paragraph 5(c)-5(d), or any translator under Paragraph 5(e), counsel for the Party making the disclosure shall deliver a copy of this Order as entered to such person, explain its terms to such person, and secure the signature of such person on a written undertaking in the form attached hereto as Exhibit A.  Each Party

shall maintain a file of all such signed copies of Exhibit A.  Further, it shall be the obligation of counsel for the disclosing Party, upon learning of any breach or threatened breach of this Order promptly to take all reasonable action to prevent the threatened breach or remedy an actual breach.

17.  Documents or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be used by the persons receiving them solely for the purposes of preparing for and conducting this action and for no other action or proceeding.  Persons receiving such documents or information shall not use them for any business or other purpose, and shall not disclose them to any person not expressly permitted by the terms of this Order to have such access.  All documents or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be maintained by the receiving Party so as to preclude access by unauthorized persons.  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" documents or information provided to an outside expert, consultant or advisor shall be kept at such person's offices in a manner designed to ensure against disclosures not authorized by this Order.

18.  Documents or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall not be copied or otherwise reproduced by a receiving Party except to make working copies, abstracts, digests or analyses for use solely in connection with the prosecution or defense of this action.  Such working copies shall be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under the terms of this Order and shall be marked and handled accordingly.  Notwithstanding the foregoing, Parties may electronically reproduce or store documents or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," but only if the Parties take adequate measures to prevent access to the documents or information by unauthorized persons.

19.  Nothing herein shall impose any restrictions on the use or disclosure by a Party or witness of its own documents or information, or of

documents or information obtained by such Party or witness independent of the discovery proceedings, inclusive of any discovery received from a Non-Party in this action and the earlier actions between the Parties, whether or not such documents or information are also obtained through discovery proceedings in this action.

20. Without written permission from the producing Party or a Court Order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material but must file such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material under seal in conformance with the Court's rules and procedures, including Local Rule 79-5. "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material filed under seal shall bear the title of this matter, an indication of the contents of such sealed envelope or container, the words "CONFIDENTIAL INFORMATION AS DESIGNATED PURSUANT TO STIPULATED PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL INFORMATION AS DESIGNATED PURSUANT TO STIPULATED PROTECTIVE ORDER", as appropriate, and a statement substantially in the following form:

> This envelope contains confidential information filed in this case by [name of party] and is not to be opened nor the contents thereof to be displayed or revealed except by order of the Court presiding over this matter.

21. If a Party intends to offer into evidence or otherwise disclose in open court any document or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" counsel for such Party shall confer with the Court concerning appropriate procedures for doing so.

22. Nothing in this Order shall operate as an admission by any person or entity that any particular documents or information or testimony contain or

reflect currently valuable trade secrets or confidential commercial information.

23. On termination of this action, including all appeals, the receiving Party shall either: (1) return to counsel for each producing person or entity all documents or information designated by the producing person or entity as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and all copies of such documents or information and shall destroy all abstracts, digests and analyses thereof, however stored or reproduced, or (2) destroy and provide certification to the producing person or entity disclosing such materials that the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" materials, including all abstracts, digests and analyses thereof, however stored or reproduced, have been destroyed. On termination of this action, counsel for each Party may maintain in its files one copy of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" materials as filed with or otherwise presented to the Court. Except as otherwise specified in this paragraph, the obligations herein undertaken by the Parties to maintain the confidentiality of designated materials shall survive the termination of this action, and the Court shall retain jurisdiction to enforce the performance of said obligations.

24. Any Party or Non-Party, jointly or severally, may ask the Court on notice to modify or grant relief from any provision of this Order. In those instances in which the Parties are in agreement as to the modification to be requested, the proposed modification to the Order shall be presented to the Court as a Joint Motion for Modification signed by counsel for both Parties.

25. No terms or conditions expressed in this Order relating to the handling of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" documents or information shall be binding on the Court or its officers or staff.

/ / /

/ / /

26. The Parties' obligations under this Order shall survive the termination of the above captioned litigation, including subsequent appeals or later proceedings, for any retained Litigation Materials or information, extracts, summaries, notes, or compilations derived therefrom.

SO ORDERED AND SIGNED this __14th__ day of September, 2011.

_____
Honorable Andrew J. Wistrich
United States Magistrate Judge


Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: September 15, 2011   By: /s/ Curtis R. Huffmire
    Joseph R. Re
    Joseph F. Jennings
    Curtis R. Huffmire
Attorneys for Plaintiff and Counterclaim Defendant,
APPLIED MEDICAL RESOURCES CORPORATION


QUINN EMANUEL URQUHART & SULLIVAN, LLP

Dated: September 15, 2011   By: /s/Christopher A. Mathews *(with permission)*
    Christopher A. Mathews
Attorneys for Defendant and Counterclaim Plaintiff,
TYCO HEALTHCARE GROUP LP d/b/a COVIDIEN

04072.62157/4329453.3                -14-

# **UNDERTAKING**

1. I, _____, have read the foregoing Protective Order (the "Order") and agree to be bound by its terms with respect to any documents or information marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that are furnished to me as set forth in the Order.

2. I further agree (i) not to disclose to anyone any documents or information marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" other than as set forth in the Order, and (ii) not to make any copies of any documents or information marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" furnished to me except in accordance with the Order.

3. I hereby consent to the jurisdiction of the United States District Court for the Central District of California, Western Division, with regard to any proceedings to enforce the terms of the Order.

4. I hereby agree that any documents, material, or information marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" furnished to me will be used by me only for the purposes of this litigation and for no other purpose, and will not be used by me in any business affairs of my employer or of my own or be imparted by me to any other person.

Signature: _____

Date: _____

11857897